UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE BURT, INGRID C. REEVES, JEFFREY WADE FOX, and DARYL PATRICK HARRIS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 06 C 6540 |
| C.H. ROBINSON WORLDWIDE, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant C.H. Robinson Worldwide, Inc. ("CHRW") to transfer venue to the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, CHRW's motion is granted.

## BACKGROUND

Plaintiffs Jacqueline Burt, Ingrid C. Reeves, Jeffrey Wade Fox, and Daryl Patrick Harris ("Plaintiffs") filed the present action in the Northern District of Illinois alleging that CHRW misclassified them as exempt employees and failed to pay them overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

("FLSA").  CHRW, a Delaware corporation, is a transportation logistics company with headquarters in Eden Prairie, Minnesota, and more than 150 branches throughout the United States including in the Chicago area and Birmingham, Alabama.  Plaintiffs are all residents of Birmingham and were employed by CHRW at its Birmingham branch during the FLSA liability period.

Plaintiffs' complaint comes before us a result of a decertification order in the District of Minnesota.  *See Carlson v. C.H. Robinson Worldwide, Inc.*, Civ. Nos. 02-3780 and 02-4251, 2006 WL 2830015 (D. Minn., Sept. 26, 2006).  In decertifying the collective actions, the Minnesota Court held that the plaintiffs' varying employment duties and the lack of a company wide practice or policy concerning classification under the FLSA made a collective determination concerning plaintiffs' proper classification under the FLSA inappropriate. *Id.* at *10-11. Instead, the court concluded that the practice at each branch must be examined in order to adjudicate individual claims.  Following decertification, over 500 opt-in plaintiffs, of whom 134 worked at CHRW's branches within this district, 55 worked in Minnesota, and the remainder of which worked in 35 states, filed suit in this district and the District of Minnesota.  Judges in this District have transferred venue in many of these cases either to the District of Minnesota or to the individual districts in which plaintiffs worked.

CHRW moves to transfer venue in this action pursuant to 28 U.S.C. § 1404(a) to the Northern District of Alabama, where Plaintiffs live and were employed by CHRW.  In opposition to CHRW's motion, Plaintiffs first urge that this Court delay ruling on CHRW's motion until Plaintiffs' pending motion for reassignment is decided and until they file a petition to consolidate related actions with the Judicial Panel for Multi-District Litigation ("JPML").  Alternatively, Plaintiffs argue that to avoid the risk of inconsistent adjudications, this court should either keep the case in this district or transfer venue to the District of Minnesota, where a large number of related actions are pending.

## LEGAL STANDARD

Section 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The moving party bears the burden of "establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient."  *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219-20 (7th Cir. 1986).  To meet this burden, the moving party must demonstrate that: (1) venue is proper in the transferor district; (2) the transferee court is in a district where the action may have been originally brought; and (3) transfer is for the convenience of parties and witnesses and will

serve the interests of justice. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *Coffey,* 796 F.2d at 219-20.  Because the case-by-case consideration required by § 1404(a) involves a large degree of subtlety and latitude, the decision to transfer an action is within the sound discretion of the trial judge.  *Coffey,* 796 F.2d at 219.

## **DISCUSSION**

As an initial matter, Plaintiffs argue that a ruling on CHRW's motion is premature, because Plaintiffs have filed a motion for reassignment of all related cases before Judge St. Eve, and they intend to file a petition with the JPML to consolidate related cases for pretrial purposes.  We find these arguments unpersuasive.  First, Plaintiffs' motion for reassignment was denied by Judge St. Eve on February 27, 2007.  *Hyde v. C.H. Robinson Worldwide, Inc*., Case No. 06 C 6458.  Second, to the best of this Court's knowledge, there is no petition pending before the JPML.  Even if Plaintiffs have filed a petition, such a petition does not operate to stay proceedings in this Court.  Instead, the rules governing procedure before the JPML specifically provide that the pendency of a motion before the JPML does not "in any way limit the pretrial jurisdiction of the court in front of which the action is pending." 199 F.R.D. 425, 427 (2001).  Accordingly, we will proceed with an analysis of the instant motion on its merits.

Before transfer of venue may be granted, the moving party must first show that venue is proper in both the transferor and transferee districts.  *See, e.g., Coffey,* 796

F.2d at 219-20. In the present case, the parties do not dispute that venue is proper in the Northern District of Illinois, the Northern District of Alabama, and the District of Minnesota. Civil actions such as this, not based solely on diversity of citizenship, may be brought in a judicial district where any defendant resides. 28 U.S.C. § 1391(b)(1). A corporate defendant, such as CHRW, is deemed to reside in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). By virtue of its branch locations in the Chicago area and in Birmingham, as well as its headquarters in Minnesota, CHRW is subject to personal jurisdiction, and may therefore be deemed to reside, in any of these three judicial districts. As the first and second requirements under § 1404(a) are satisfied, our analysis turns to the final element: whether the transfer would be more convenient for the parties and witnesses and would serve the interests of justice.

## A. Convenience of the Parties and Witnesses

In evaluating the convenience of the parties and witnesses, courts consider both the private interests of the parties and public interests of the judicial system. *Amoco Oil Co. v Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000). The private interests of the parties and witnesses include the following five factors: (1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease

of access to sources of proof, (4) the convenience of the parties, and (5) the convenience of the witnesses.  *Id.*

First, neither Plaintiffs' chosen forum, the Northern District of Illinois, nor the District of Minnesota, is their home forum.  While a plaintiff's chosen forum is generally entitled to substantial weight, this choice is given less weight if it is not the plaintiff's home forum, *Countryman v. Stein, Roe & Farnham*, 681 F. Supp. 479, 482-83 (N.D. Ill. 1987), or if it lacks a significant connection to the claim.  *Chicago R. I. & P. R. Co. v. Igoe*, 200 F.2d 299, 304 (7th Cir. 1955).  Plaintiffs contend that the similarity and relationship of their claim to other claims filed in the Northern District of Illinois or in the District of Minnesota provide an important and significant connection to those fora.  However, as the crux of this consideration is the connection between the Plaintiffs' claim and the chosen forum and not between the Plaintiffs' claim and other claims, the Plaintiffs' argument is not persuasive.  Both the District of Minnesota, where CHRW is headquartered, and the Northern District of Alabama, where Plaintiffs were employed, both have more significant connections to this litigation than Illinois.  Accordingly, the Plaintiffs' choice of forum is accorded little weight.

Second, a consideration of the situs of the material events weighs in favor of transfer to Alabama.  CHRW asserts that the material events in this case are the

classification decision and ongoing assessment, the location and description of employee work, and payment. These events occurred in the Birmingham branch, not in Illinois or in Minnesota. Plaintiffs do not dispute that payment and classification decisions were made at the branch level. However, they contend that because evidence will need to be gathered regarding the extent of corporate oversight of FLSA training and compliance, if the case is to be transferred, the District of Minnesota is a better choice than the Northern District of Alabama. The Minnesota court, in its decertification order, has already determined that there was no company-wide practice or policy governing FLSA decisions. *Carlson*, 2006 WL 2830015 at *10. Accordingly, even if some decisions were made in Minnesota, a substantial portion of the acts giving rise to Plaintiffs' claims took place in Birmingham. On the whole, it is clear that the situs of material events is Alabama, rather than Illinois or Minnesota.

Third, we consider the relative ease of access to sources of proof. Neither party has asserted that any evidence relative to the Plaintiffs can be found in the Northern District of Illinois. CHRW states that documentary proof can be found at the branch level or is already in counsel's possession as a result of the discovery completed in the initial Minnesota action. Plaintiffs assert that critical evidence concerning corporate oversight is to be found in the location of CHRW's corporate headquarters,

the District of Minnesota.  As the Northern District of Illinois is undisputedly not the source of proof in this case, this factor weighs in favor of transfer.  Moreover, the location of personnel records in the Birmingham branch and the ease of transferring documents from Minnesota weigh in favor of transfer to the Northern District of Alabama.

Next, we turn to an examination of the fourth factor, convenience of the parties. Plaintiffs, Birmingham residents, do not assert that they have chosen the Northern District of Illinois for reasons of personal convenience but instead for the sake of consistency and efficiency in judicial decisionmaking.  Pointing to the large number of cases filed in this district and in Minnesota alleging the same types of violations against CHRW, Plaintiffs argue that transferring this case to Alabama increases the risk of inconsistent adjudications in cases involving similarly situated individuals. On the other hand, CHRW argues that the respective residences of key witnesses and expense of trial make the Northern District of Alabama a more convenient and less costly forum than either Illinois or Minnesota.  Plaintiffs' argument, concerning the factual similarity of their claims to the claims of the other opt-in plaintiffs, is not only irrelevant to an examination of the private interests of the parties but has already been rejected by the Minnesota court when it decertified the collective actions.  *Carlson*, 2006 WL 2830015 at *10.  As Plaintiffs have already chosen an inconvenient forum,

and Defendants aver that Alabama is a more convenient forum for the majority of the witnesses on both sides in this litigation, this factor weighs in favor of transfer to the Northern District of Alabama.

The last factor, the appearance of witnesses, is often viewed as "the most important factor in the transfer balance." *Tingstol Co. v. Rainbow Sales, Inc.*, 18 F. Supp. 2d 930, 933 (N.D. Ill. 1998), *aff'd,* 218 F.3d 770 (7th Cir. 2000).  In this case, neither CHRW nor the Plaintiffs have indicated that any potential witnesses reside in the Northern District of Illinois.  As the parties do not dispute that classification decisions were made by branch managers in individual branches, many key witnesses will be Plaintiffs' managers and co-workers at the branch level.  CHRW asserts that the majority of these witnesses are located in the Northern District of Alabama or closer to it than to the Northern District of Illinois or the District of Minnesota. Plaintiffs assert that key corporate witnesses reside in the District of Minnesota and that the same key witnesses will be called in a multitude of cases, making Minnesota a more convenient forum than Alabama.  As Defendants are advocating transfer to Alabama, they obviously do not view that venue as inconvenient for their corporate employees.  Thus, the convenience of the witnesses weighs in favor of transfer to the Northern District of Alabama.

**B. Interests of Justice**

In addition to the private interests of the parties, the court must also consider the interests of justice. *Amoco Oil Co.*, 90 F. Supp. 2d at 960. This inquiry focuses on public considerations, such as the speed at which the case will likely be resolved, the court's familiarity with the applicable law, the communities' relation to the occurrence at issue, and the desirability of resolving controversies where they arise. *Id.* at 961-62. On balance, these factors support transferring the case to the Northern District of Alabama.

First, based on information presented, the speed to trial time in the Northern District of Alabama and the District of Minnesota is nearly equal to that in the Northern District of Illinois. Thus, this factor is neutral. Secondly, as Plaintiffs allege violations under the federal FLSA, all three districts are presumed equally familiar with the applicable law. As to the relation of the community to the controversy, the strongest relationship exists with Alabama, where the relevant decisions were made. Finally, Plaintiffs urge us to consider the inefficiency of adjudicating similar disputes in multiple jurisdictions and to either keep this case here or to transfer it to Minnesota. We cannot accede to Plaintiffs' request. First, the Minnesota court has already found that a collective determination of the legal issues involved is impossible. *Carlson*, 2006 WL 2830015 at *10. Second, it would be

unwise for this Court to make a unilateral determination concerning the efficiency of consolidating related actions when 28 U.S.C. § 1407 provides for a centralized means to solve the very problems Plaintiffs have identified here.

In sum, the court finds that transfer to the Northern District of Alabama is proper.  Although the Plaintiffs chose to file in the Northern District of Illinois, it is neither their home forum nor the forum where the dispute arose.  Moreover, the most compelling factors, the situs of material events and the convenience of the witnesses, weigh heavily in favor of transfer to the Northern District of Alabama.  Lastly, the interests of justice are also well served by the transfer as the Northern District of Alabama community has a much stronger connection to the case than either the Illinois or Minnesota communities.

## CONCLUSION

Based on the foregoing analysis, Defendant CHRW's motion to transfer venue under 28 U.S.C. §1404(a) is granted and Case No. 06 CV 06540 is transferred to the Northern District of Alabama.

_____
Charles P. Kocoras
United States District Judge

Dated:   March 12, 2007